UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DUNN,

    Petitioner,                        Civil No. 2:06-CV-14918
                                        HONORABLE NANCY G. EDMUNDS
v.                                        UNITED STATES DISTRICT JUDGE

THOMAS BELL,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

Robert Dunn, ("Petitioner"), presently confined at the Boyer Road Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree home invasion, M.C.L.A. 750.110a(3); and being a second felony habitual offender, M.C.L.A. 769.10. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

**I. Background**

Petitioner pleaded *nolo contendere* to the above charges in Genesee County Circuit Court and was sentenced to 5 years to 22 years, 6 months in prison.

Petitioner moved to withdraw his plea, which was denied by the trial court.

1

Petitioner's conviction was affirmed on appeal. *People v. Dunn,* No. 266527 (Mich.Ct.App. February 2, 2006); *lv. den.* 476 Mich. 856, 718 N.W.2d 328 (2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> I.  The petitioner's conviction was obtained by a plea that was involuntary and without understanding of the nature of the charge in violation of the Due Process Clause of the Fourteenth Amendment, and there was an insufficient factual basis to establish his guilt of the offense.

## II.  Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996)(internal citations omitted). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994)(*citing to* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254); *See also Smith v. Stegall,* 141 F. Supp. 2d 779, 784 (E.D. Mich. 2001). Conclusory allegations in a habeas petition, without evidentiary support, do not provide a basis for habeas relief. *See Payne v. Smith,* 207 F. Supp. 2d 627, 650 (E.D. Mich. 2002).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's claim does not entitle him to habeas relief, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner first contends that he moved to withdraw his *nolo contendere* plea, when he became aware that he was not guilty of the offense to which he had pled. Petitioner appears to argue that he should have been permitted to withdraw his *nolo contendere* plea by the state trial court based upon his assertions of innocence.

Bald assertions of innocence are insufficient to permit a defendant to withdraw his or her guilty plea. *United States v. Jones*, 336 F. 3d 245, 252 (3rd Cir. 2003). "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* (internal quotation omitted). The mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty plea, even on direct appeal. *Everard v. United States*, 102 F. 3d 763, 766 (6th Cir. 1996). Petitioner's mere recantation of his *nolo contendere* plea, without any support, would therefore be insufficient to have his plea overturned. *Id.* For a plea withdrawal motion to be successful, a defendant must set forth a legally cognizable defense to the charges against him or her, which requires more than a general denial to put the government to its proofs; rather, a defendant must affirmatively advance an objectively reasonable argument that he

3

or she is innocent. *United States v. Weaver*, 112 F. Supp. 2d 1, 7-8 (D.D.C. 2000)(internal citations omitted).

In the present case, petitioner has presented no factual evidence or reasonable arguments that he is innocent of these charges. Petitioner's conclusory allegation of innocence is therefore insufficient to permit him to withdraw his *nolo contendere* plea. *See United States v. Clark,* 429 F. Supp. 89, 93 (W.D. Okla. 1976).

Petitioner also claims that his plea of *nolo contendere* was involuntary, because he made it without understanding the nature of the charge that he was pleading to. Petitioner, however, has offered no factual or legal arguments as to how he misunderstood the nature of the second-degree home invasion charge that he pleaded *nolo contendere* to. Conclusory allegations by a habeas corpus petitioner that his or guilty or nolo contendere plea was involuntary are insufficient to obtain habeas relief on a claim the plea was unconstitutionally involuntary. *See U. S. ex rel. Holes v. Mancusi,* 423 F. 2d 1137, 1142 (2nd Cir. 1970). Petitioner's vague claim regarding the involuntariness of his plea "is a conclusory allegation 'unsupported by specifics' and subject to summary dismissal." *Owens v. Benson,* 439 F. Supp. 943, 945 (E.D. Mich. 1977).

Petitioner lastly contends that there was an insufficient factual basis to establish his guilt to the offense that he entered a *nolo contendere* plea to.

The failure of a state court to elicit a factual basis before accepting a guilty

plea does not provide a ground for federal habeas relief. *Meyers v. Gillis*, 93 F. 3d 1147, 1151 (3rd Cir. 1996). There is no federal constitutional requirement that a factual basis be established to support a guilty plea. *Holtgreive v. Curtis,* 174 F. Supp. 2d 572, 582 (2001). Although M.C.R. 6.302(D)(1) requires that a factual basis must be elicited from a defendant prior to accepting his or her guilty plea, no federal constitutional issue is raised by the failure of a Michigan trial court to comply with a state law or court rule concerning establishing the factual basis of a guilty plea. *Holtgreive,* 174 F. Supp. 2d at 582. "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning,* 69 F. 3d 107, 111 (6th Cir.1995). Violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, petitioner's claim that the trial court failed to establish a sufficient factual basis to support his *nolo contendere* plea does not provide a basis for federal habeas relief, because there is no federal constitutional requirement that a factual basis supporting a guilty plea be established, or that the defendant admit factual guilt, so long as the plea is intelligently and voluntarily made. *Holtgreive,* 174 F. Supp. 2d at 583. Petitioner is therefore not entitled to habeas relief on this claim.

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte. See Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. It would be a "rare case" in which a district judge issues a habeas petitioner a certificate of

appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See Alexander v. Harris,* 595 F. 2d 87, 91 (2nd Cir. 1979). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Dell,* 194 F. Supp. 2d at 659.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  November 6, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 6, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager
: